UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                                             DECISION AND ORDER

                                                                             07-CR-6144L
                                                                             12-CV-6167L

                        v.

MICHAEL GREER,

                                       Defendant.
_____

       Defendant Michael Greer ("Greer") has filed a motion, *pro se,* pursuant to 28 U.S.C. § 2255 seeking to vacate the sentence and judgment entered October 15, 2009. Greer contends that his trial counsel provided ineffective assistance of counsel. The motion is in all respects denied.

       Greer was convicted after trial of possessing a firearm and ammunition, having been previously convicted of a felony. The Court sentenced Greer principally to a term of 120 months imprisonment. Greer filed a direct appeal and his conviction was affirmed by the United States Court of Appeals for the Second Circuit, 631 F.3d 608, *cert. denied,* _____ U.S. _____, 131 S. Ct. 1841 (2011).

       Having exhausted his appeals, Greer now seeks to vacate the judgment on the grounds his lawyer provided ineffective assistance. A defendant, such as Greer, has a difficult task in establishing that counsel's performance was such that he was denied the constitutional right under the Sixth Amendment to counsel. In *Srickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court established the two-part test for determining whether there was ineffective assistance of counsel. Defendant must first demonstrate that his attorney's performance was deficient as measured against an objective standard and, next, that counsel's alleged deficient

performance prejudiced his case. I agree with the Government that Greer has failed to meet either prong of the *Srickland* test.

The law is clear that a defendant like Greer bears the heavy burden of establishing that his counsel made serious errors so that he was not functioning as counsel which is guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. In addition, there is strong presumption that defense counsel's conduct fell within the broad spectrum of reasonable professional assistance.

Concerning the second part of the test, defendant must show that there is a "reasonable probability" that but for the alleged errors the result of the proceeding would have been different. Greer cannot establish that prong based on the evidence and the facts presented at trial.

Greer does not appear to contend that the outcome of his trial would have been different. As the Government points out, Greer appears to ignore the strength of the Government's case. The elements of the crime are straightforward. The Government must prove that Greer was convicted of a crime punishable by a term of exceeding one year; Greer stipulated to that fact. The second element is that the firearm in question traveled in interstate commerce, and Greer stipulated to that as well.

The only element that was disputed was whether Greer knowingly possessed the firearm and ammunition in question. As to the proof on that count, there was a strong set of circumstantial facts which clearly tied Greer to the weapon found in the trash can located at the front door of the apartment where Greer was found and arrested. There was an ammunition clip found in the vehicle that Greer had left after being followed by the police. The vehicle had documents connected to Greer. There was also testimony that on that day Greer was in the process of obtaining a firearm and a witness identified the firearm in question as one that Greer had handled approximately a week prior to the arrest. In short, the evidence was substantial.

Greer's challenge to his appointed counsel, Scott Green, are without merit. Green represented Greer in two trials; at the first trial, based in part on Green's advocacy, the jury was unable to reach a verdict and the Court declared a mistrial based on a hung jury. A review of that

trial shows that Green aggressively cross-examined witnesses, filed appropriate motions and obtained discovery and delivered cogent arguments. As mentioned, the result was favorable to Greer.

Green provided equally strong advocacy at the second trial, as well. Just because the verdict was different -- a verdict of guilty -- does not warrant a finding of ineffective assistance of counsel. For one thing, the Government provided additional evidence which resulted in a very compelling case against Greer.

Greer makes several specific challenges to Green: the first is that he failed to request a so-called *Franks* Hearing (*Franks v. Delaware,* 438 U.S. 154 [1978]) relating to the search of the vehicle in question. Greer seems to focus on Rochester Police Officer Thomas Janus and alleges that Janus gave false testimony at the trial and in connection with an affidavit for the challenged search warrant. Janus testified at trial and was cross-examined. Greer advances nothing now to suggest that Janus's affidavit for the warrant was inconsistent or false. Greer fails to suggest now what statements he believes were such that a *Franks* Hearing should have been requested. There is no basis for holding a *Franks* Hearing.

Greer also claims that Green was ineffective for failing to call a defense witness by the name of George Horne, Jr. It is well established, though, that a decision not to call a particular witness is a question of trial strategy and is not subject to after-the-fact, second guessing.

Greer's assertions are speculative. Greer gratuitously states that Horne would have claimed that he, Horne, was driving the vehicle and that the firearm belonged to him. Other than Greer's self-serving statement, there is nothing in the record to support this assertion. Just because Greer asserts now that this witness would be willing to admit possessing a firearm, it is pure speculation that he would have testified as Greer now claims. Furthermore, there may be sound reasons why counsel chose not to call this witness, even if the witness existed.

Greer's next claim against counsel should be given short shrift. Greer alleges that a plea offer had been presented to Greer's prior counsel, Assistant Public Defender Anne M. Burger, which

contained a specific 60 month term of imprisonment. The problem is, the prosecutor states unequivocally that no plea offer was ever extended as described by Greer. Furthermore, it appears that neither defense counsel Green nor Burger had any recollection of the plea offer that Greer now mentions. Information about this non-existent plea agreement is contained at Exhibit 4 to the Government's Response (Dkt. #94) to defendant's motion. Clearly, defense counsel cannot be faulted for failing to inform the defendant of a plea offer, if none was made by the Government.

Finally, Greer makes some claims that the Government failed to timely produce *Jencks* Act material (18 U.S.C. § 3500). As the Government points out, the record belies such a claim. During the trial, defense counsel and the Court confirmed that the *Jencks* material had been disclosed to the defense.

## CONCLUSION

The motion of defendant Michael Greer, pursuant to 28 U.S.C. § 2255, to vacate the judgment and sentence is in all respects denied.

Because Greer has failed to make a substantial showing of a constitutional violation, I deny a certificate of appealability.

IT IS SO ORDERED.

                                      _____
                                          DAVID G. LARIMER
                                        United States District Judge

Dated: Rochester, New York
       November 6, 2012.